IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| TONI JEAN WILLIAMS, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 7:17-cv-00053-O |
| NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security<br>Administration, | § § § § § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation ("FCR") (ECF No. 17) in this case. The FCR recommended that this Court affirm the Commissioner's decision that Plaintiff is not disabled. Plaintiff filed an objection (ECF No. 18). The Court reviewed *de novo* those portions of the FCR to which Plaintiff made her objection. For the following reasons, Plaintiff's objection is **OVERRULED**, and the Court **ADOPTS** the Magistrate Judge's FCR as the Findings and Conclusions of the Court.

**I.     BACKGROUND**

Plaintiff alleges that her disability began on September 24, 2011. Tr. 26. The Commissioner of the Social Security Administration (the "Commissioner") denied her claim on March 25, 2015, and again on reconsideration on June 16, 2015. Tr. 26. Administrative Law Judge ("ALJ") Angelita Hamilton conducted a hearing on June 15, 2016, and issued a decision on July 29, 2016, finding that Williams was not disabled. Tr. 39. The ALJ applied the five-step analysis for determining disability under 20 C.F.R. § 404.1520. Tr. 27–39. The ALJ found, concerning step three, that Plaintiff's impairments did not meet the Listing of Impairments in 20 C.F.R. Pt. 404(p).

1

Tr. 30–32. In doing so, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work. Tr. 32–38. The ALJ then found—concerning step four—that Plaintiff's impairments did not prevent Plaintiff from returning to her past relevant work. Tr. 38. Accordingly, the ALJ did not reach step five and found that Plaintiff was not disabled. Tr. 39. On March 2, 2017, the Social Security Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1. On January 25, 2018, the United States Magistrate Judge issued an FCR recommending that this Court affirm the Commissioner's decision. FCR, ECF No. 17.

## II. LEGAL STANDARDS

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(4). The third step requires the Commissioner to consider whether the claimant's impairment meets one of the listings in the Listing of Impairments in 20 C.F.R. Pt. 404(p). *Id.* In doing so, the Commissioner will consider opinions from medical sources, the claimant's residual functional capacity or RFC, and the application of vocational factors, but the final determination whether a claimant's impairment meets the Listing of Impairments is reserved solely to the Commissioner. 20 C.F.R. § 404.1527(d)(2). Before moving to step four, the Commissioner must assess the claimant's RFC, which is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1); *see Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Having determined the claimant's RFC, the fourth step requires the Commissioner to consider whether the claimant can still do past relevant work. 20 C.F.R. § 404.1520(a)(4). "The claimant bears the burden of showing that [she] is disabled through the first four steps of the analysis . . . ." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

In determining disability, the Commissioner should give "great weight" to "[t]he opinion of the treating physician who is familiar with the claimant's impairments . . . ." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). Indeed, the Commissioner should give "controlling weight" to the treating physician's opinion on the nature and severity of a patient's impairment if that opinion is (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "not inconsistent with . . . other substantial evidence." *Id.* (quoting *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995)). If the Commissioner does not give that well-supported, undisputed treating physician's opinion controlling weight, the Commissioner must go through a detailed six-factor analysis to explain why he did not do so. *Newton*, 209 F.3d at 455–56. But if a treating physician's opinion is either disputed or not well-supported, the Commissioner is not required to go through the six factor analysis. *Heck v. Colvin*, 674 F. App'x 411, 415 (5th Cir. 2017) ("Nor did the ALJ err in failing to consider the factors identified in the regulation before declining to give controlling weight to Dr. Henderson's responses . . . because such consideration is required only when there is no other reliable evidence from treating physicians that contradicts the responses." (citations omitted)).

This Court's review of the Commissioner's decision is limited to deciding whether the Commissioner applied the correct legal standards and whether substantial evidence in the record supports the decision. *Audler*, 501 F.3d at 447. "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quotation marks omitted). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir.

1988). "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

## III. ANALYSIS

In his FCR, the Magistrate Judge recommended that this Court affirm the Commissioner's findings. FCR 1, ECF No. 17. The Magistrate Judge found that substantial evidence supported the ALJ's determination of Plaintiff's RFC, and that the ALJ properly weighed the medical source opinions of record. *See Id.* at 4–13. Plaintiff generally objects to the Magistrate Judge's findings. *See* Obj., ECF No. 18. The Court **OVERRULES** Plaintiff's objection for the following reasons.

### A. The Magistrate Judge Correctly Found that Substantial Evidence Supports the ALJ's RFC Determination

The ALJ found that Plaintiff has severe impairments that include obesity, connective tissue disease, Sjogren's syndrome, osteoarthritis, and degenerative disc disease. Tr. 28–30. Notwithstanding these severe impairments, the ALJ found that they did not meet an impairment on the Listing of Impairments in 20 C.F.R. Pt. 404(p). *See* Tr. 30–2. The ALJ then found that the claimant had the residual functional capacity, or RFC, to perform "sedentary work" as defined in 20 C.F.R. § 404.1567(a). Tr. 32–38. In reaching this conclusion, the ALJ found that Plaintiff "retains a robust set of activities of daily living that is generally inconsistent with disability," and that "[r]eview of the medical evidence reveals that the claimant's symptoms and functional loss are not as severe as alleged, and that her symptoms are largely intermittent and variable in intensity." Tr. 33. The ALJ reached this conclusion by relying on the entire medical record, including medical evaluations by Dr. Chris Codding, Dr. Jerome Adams, Dr. Patty Rowley, Dr. Amita Hedge, Dr. Jeremy Phelps, Dr. Jeff Swanson, Dr. F. Najan, and other physical impairment evaluations. *See* Tr. 32–38. While Plaintiff testified that she could only work for about two days out of the week due to her impairments, Tr. 71–73, the ALJ gave these statements little weight in

view of the whole evidence. Tr. 33 ("[C]laimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . .").

Plaintiff objects that substantial evidence does not support the ALJ's conclusion about Plaintiff's RFC. Plaintiff points to testimony by a vocational expert that missing two or more days of work per month would "probably eliminate work." Tr. 82. Because Plaintiff testified that she could only work about two days a week, Tr. 71–73, and because evidence in the record corroborated this claim, Plaintiff argues that she could not maintain substantial gainful employment. Obj. 2–3, ECF No. 18. In support of these arguments, Plaintiff analogizes this case to *Ripley v. Chater*, wherein the ALJ erroneously found that claimant could perform sedentary work even though "[t]he only evidence regarding Ripley's ability to work came from Ripley's own testimony." 67 F.3d 552, 557 (5th Cir. 1995).

In determining residual functional capacity, "[t]he ALJ must consider subjective evidence of pain, but it is within his discretion to determine the pain's disabling nature." *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (quotation marks omitted). Here the ALJ weighed Plaintiff's own subjective testimony of her impairments against the rest of the medical evidence in the record and, giving the other evidence greater weight, concluded that Plaintiff's impairments were not so severe as to be disabling. Tr. 32–38. Substantial evidence in the record supports this conclusion, *see id.*—indeed, the evidence that the ALJ relies upon is certainly more than a scintilla, *cf. Boyd*, 239 F.3d at 74, more than a single piece of testimony, *cf. Ripley*, 67 F.3d at 557, and more than enough for a reasonable mind to accept the ALJ's conclusion. *Cf. Boyd*, 239 F.3d at 704. "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision," *id.*, but here the ALJ conducted a thorough review of the record and reached a decision well supported by the evidence. *See* Tr. 32–38. The Court therefore commends the

Magistrate Judge's declination of Plaintiff's invitation to reweigh the evidence, *cf. Hollis*, 837 F.2d at 1383, and accordingly **OVERRULES** Plaintiff's objection on this point.

> B. The Magistrate Judge Correctly Found that the ALJ Properly Weighed the Medical Source Opinions of Record

Plaintiff further claims that substantial evidence did not support the ALJ's decision because the ALJ did not properly weigh medical source opinion in the record.

First, Plaintiff notes that her attorney asked a vocational expert at the oral hearing a hypothetical question describing a hypothetical person with Plaintiff's impairments and asking whether someone in that situation could maintain full time work. Tr. 82–83. In response to this hypothetical question, the vocational expert responded that someone in Plaintiff's position could not maintain full time work. *Id.* Plaintiff argues in her objection that the ALJ improperly weighed the medical opinion evidence by not relying on this corrected hypothetical. Obj. 5, ECF No 18. But again, a reviewing court is not permitted to reweigh the evidence. *Cf. Hollis*, 837 F.2d at 1383. Even if this Court might have weighed the vocational expert's testimony differently, the ALJ's legal conclusions find support in an abundance of factual findings that she considered and weighed in making her decision. *See* Tr. 32–38.

Second, Plaintiff argues that the Magistrate Judge erred by failing to give controlling weight to the opinions of Drs. Swanson and Najan that Plaintiff could not sustain full time work, and by failing to explain this oversight with the six-factor analysis in 20 C.F.R. § 404.1527. However, "an ALJ is not required to give controlling weight to a treating physician opinion when . . . there is competing first-hand medical evidence." *Heck*, 674 F. App'x at 415 (quotation marks omitted) (alterations in original). Such competing evidence exists here. *See* Tr. 32–38. Moreover, the six-factor analysis in 20 C.F.R. § 404.1527 "is required only when there is no other

6

reliable evidence from treating physicians that contradicts the responses." *Heck*, 674 F. App'x at 415. Such contradictory evidence exists here. *See* Tr. 32–38.

Third and finally, Plaintiff argues that the Magistrate Judge erred by failing to consider Dr. Adams's medical opinion or explain this oversight by applying the six factors in 20 C.F.R. § 404.1527. However, the ALJ is only required to give controlling weight, or apply the six-factor analysis, to treating physicians, *see Newton*, 209 F.3d at 455–56, and Dr. Adams only provided a consultative examination. *See* Tr. 35. Moreover, the ALJ did consider Dr. Adam's opinion by explicitly referencing and describing Dr. Adam's examination and findings. Tr. 35.

In sum, Plaintiff asks this Court to reweigh evidence that the ALJ has already considered and weighed. *See* Obj. 5, ECF No. 5 ("The Magistrate Judge submits that the ALJ properly weighed the medical source opinions of record. The Plaintiff disagrees." (citation omitted)). But neither the Magistrate Judge nor this Court may reweigh the evidence. *See Hollis*, 837 F.2d at 1383. This Court's review is for whether the ALJ applied correct principles of law and reached a conclusion supported by substantial evidence. *Audler*, 501 F.3d at 447. Because the Magistrate Judge correctly found that substantial evidence supports the ALJ's decision here, the Court **OVERRULES** Plaintiff's objection.

## VI. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's objection and hereby **ADOPTS** the FCR as the Findings and Conclusions of the Court. It is therefore **ORDERED** that the Commissioner's decision is **AFFIRMED**.

**SO ORDERED** on this **30th day** of **March, 2018**.

*[signature]*
Reed O'Connor
UNITED STATES DISTRICT JUDGE

7